O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. | | |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys NOT Present for Plaintiffs:        Attorneys NOT Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

Before the Court is Defendants' Motion to Dismiss[1] Plaintiffs' First Amended Complaint ("FAC").  For the following reasons, the Court GRANTS in part and DENIES in part Defendants' Motion.

## I.    BACKGROUND

On March 15, 2010, Plaintiffs Larry Fammilop and Faustina Kayode ("Plaintiffs") filed a complaint in state court against Wells Fargo Bank, N.A. ("Wells Fargo"), and U.S. Bank National Association as a Trustee for Citi Group Mortgage Loan Trust ("U.S. Bank") alleging the wrongful foreclosure of their home by Defendants.  Defendants removed the case to this court on August 11, 2010, and on August 18, 2010, filed a motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiffs, who are pro se, failed to oppose the Motion, and the Court granted Defendants' motion, dismissing the case with leave to file an amended complaint by October 14, 2010.  In its Order, the Court cautioned Plaintiffs that when deciding whether to amend their complaint, they should carefully evaluate the points and arguments made in Defendants' Motion to Dismiss.

Plaintiffs filed a FAC on October 14, 2010, alleging six causes of action.  Five of these had been alleged previously—quiet title and declaratory relief, cancellation of instrument and constructive trust, monies had and received, unjust enrichment, and

---

[1]Dkt. No. 16.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. | | |

conversion—and one cause of action was modified to battery from assault. Defendants filed a second Motion to Dismiss on October 26, 2010. Plaintiffs initially failed to oppose the Motion, and on November 15, 2010, Defendants filed a Reply noting Plaintiffs' non-opposition.[2] It came to the Court's attention, however, that Plaintiffs had not submitted their current address to the Court for service of filings. The Court issued an Order to Show Cause on November 23, 2010, and following a hearing on November 29, 2010 on the Motion to Dismiss, which Plaintiff Larry Fammilop attended, Mr. Fammilop filed a Notice of Change of Address.[3] At the hearing, Mr. Fammilop claimed he did not receive notice of Defendants' Motion to Dismiss, and accordingly, the Court extended the filing deadlines, permitting Plaintiffs to oppose the Motion by December 3, 2010. (Dkt. Nos. 23 & 24). Plaintiffs filed an Opposition on December 3, 2010 and Defendants filed a timely reply on December 13, 2010.

## II.    LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

---

[2]Dkt. No. 20.

[3]Dkt. No. 22.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al.* v. WELLS FARGO BANK, N.A., *et al.* | | |

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.")(citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

A *pro se* litigant is entitled to leave to amend "if it appears at all possible that the plaintiff can correct the defect" in the dismissed claims. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al.* v. WELLS FARGO BANK, N.A., *et al.* | | |

amended the complaint." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (internal citations omitted).

### III.   DISCUSSION

#### A.   Quiet Title and Declaratory Relief

Plaintiffs seek to quiet title against the claims of all of the Defendants to this action, claiming that "the claims of these defendants are without any right whatsoever and such defendants have no right, title, estate, lien or interest whatever in the described property or any part thereof."  FAC ¶ 32.  A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal.Code Civ. Proc. § 761.020. "The basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortgage Elec. Reg. Sys., Inc*., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.*, No. 2:09-CV-01012 JAM-KJM, 2009 WL 2151782 (E.D. Cal. Jul. 17, 2009), *quoting Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).

Here, Plaintiffs allege that the basis for Plaintiffs' title is their "lawful acquisition of the subject property in fee simple" as recorded by the office of the County Recorder. FAC ¶¶ 24-25.  This allegation, standing alone, does not allege a valid basis for Plaintiffs' rightful ownership in the Property, where Plaintiffs concede they defaulted on the loan in question.  FAC ¶ 14.  *See Gaitan v. Mortgage Electronic Registration Systems*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. 2009) at *12 ("Since Plaintiff concedes he has not paid the debt secured by the mortgage, he cannot sustain an action to quiet title[.]").  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' first claim for quiet title and declaratory relief, and dismisses the claim with prejudice, as Plaintiffs have not sufficiently amended the complaint to state a cause of action after the Court's first Order granting leave to amend.

#### B.   Cancellation of Instrument and Constructive Trust

Plaintiffs allege that a deed conveying ownership of the real property from Wells

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. | | |

Fargo to US Bank National is void and should be cancelled. This claim is against all Defendants.

There is a common law presumption of the validity of a trustee's sale to a *bona fide* purchaser, and to overcome such a presumption on equitable grounds, the plaintiff needs to allege that she suffered an injury or was prejudiced by such a sale. *Stevens v. Plumas Eureka Mining Co.*, 2 Cal. 2d 493 (1935). In addition, a plaintiff is required to offer tender for the full amount owed to sustain a cause of action in regards to any aspect of the sales procedure. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (Ct. App. 1971). This tender rule applies even if the plaintiff was induced by fraudulent misrepresentations of the defendant. *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (Ct. App. 1961). Furthermore, a mistake that occurs outside the foreclosure proceeding itself does not provide a reason to invalidate the trustee's sale. *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 441 (Ct. App. 2003).

Here, Plaintiffs have failed to allege either that they can make tender for the amount owed, or that there was a mistake in the foreclosure proceeding itself. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' cancellation of instrument claim with prejudice, as Plaintiffs have not sufficiently amended the complaint to state a cause of action after the Court's first Order granting leave to amend.

### C.    Money Had and Received

Plaintiffs, in their third cause of action, allege the common count of Money Had and Received, claiming that between March 1, 2005 and the filing of the FAC, Defendants "became indebted to Plaintiffs in the sum of $168,300.00 which reflects regularly monthly payments for the period March 2005; and improvements in the amount of $50,000.00." FAC ¶ 44.

Under California law, "[a] common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." *Kawasho Internat., U.S.A. Inc. v. Lakewood Pipe Service, Inc.*, 152 Cal.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al.* v. WELLS FARGO BANK, N.A., *et al.* | | |

App. 3d 785, 793 (1983).  "The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment.'" *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997).

However, where the party seeking money has a contractual obligation that is still executory, he cannot plead a cause of action for money had and received.  *See Ferrero v. Citizens of National Trust and Savings Bank of Los Angeles*, 44 Cal. 2d 401, 409 (1955) (The general rule, that a common count "will not lie to enforce an express contract[,] ... does not apply if the plaintiff owes no further performance under the contract and nothing remains to be done thereunder except the payment of money by the defendant. Payment can then be recovered under a complaint stating a common count for money had and received.").  Here, Plaintiffs have not alleged their ability to tender the proceeds that they owe under the loan, and therefore cannot state a common count for money had and received.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' third cause of action with prejudice, as Plaintiffs have not sufficiently amended the complaint to state a cause of action after the Court's first Order granting leave to amend.

### D.    Unjust Enrichment

Plaintiffs allege that Defendants are liable for unjust enrichment.  Plaintiffs allege that Defendants received benefits in the form of monthly payments from Plaintiffs totaling $168,300.00, and accepted these payments "with full understanding that the payments were in consideration for Plaintiffs continued possession of the subject property."  FAC ¶ 47-48.

Unjust enrichment requires receipt of a benefit and unjust retention of the benefit at the expense of another.  *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992). California courts "appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy." *Falk v. General Motors, Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007).  For example, the court in *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003), held that unjust enrichment "does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." In contrast, the court in *Ghirardo v. Antonioli*, 14 Cal.4th 39, 50 (1996), held that plaintiffs may state a claim for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. | | |

unjust enrichment particularly where their claim seeks restitution where other remedies are inadequate.

The Court does not make a finding on whether unjust enrichment may be an independent claim or is merely an equitable remedy. Assuming, *arguendo*, that unjust enrichment is an independent claim, Plaintiffs have nonetheless failed to state such a claim, because Plaintiffs have not alleged payment on their loan, nor the ability to pay the loan. As these payments were for the balance of the loan, Plaintiffs have failed to state facts alleging Defendants have unjustly retained benefits at the expense of Plaintiffs. Defendants' Motion to Dismiss is, accordingly, GRANTED as to Plaintiffs' unjust enrichment claim. This dismissal is with prejudice as Plaintiffs have not sufficiently amended the complaint to state a cause of action after the Court's first Order granting leave to amend.

### E.    Conversion

Plaintiffs allege that following the foreclosure sale, Defendants without authorization removed and converted for their own use several items of their property.

"Conversion is the wrongful exercise of dominion over the property of another." *Vega v. JPMorgan Chase Bank*, N.A. 654 F. Supp. 2d 1104, 1121 (E.D. Cal.2009). The elements of a conversion claim are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id*. (citing *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998)). "To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession . . . . Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." *Id*. (citing *Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal.App.3d 593, 610-611(1981)).

The FAC identifies the converted property in ¶ 53 (eight bunk beds, clothing, 32 gallons of paint, painting equipment. In all other respects, ¶¶ 52-56 succeed in stating a claim. Accordingly the Court DENIES Defendants' motion to dismiss Plaintiffs' conversion claim.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
| --- | --- | --- | --- |
| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. | | |

### F.    Battery

Plaintiff Larry Fammilop asserts a claim for battery against all Defendants.  FAC ¶ 60.  He claims Defendants and their agents "struck Plaintiff . . . as a result of which he sustained injuries to his health strength [sic] and activities" and "caused their pitbull dog to attack Plaintiff and threatened to cause grave bodily ha[r]m to Plaintiff until Plaintiff summoned the Los Angeles Police."  FAC ¶ 60-61.

In the FAC, there is no individually named defendant.  A claim of battery against a corporation requires allegations of who committed the battery, and how those individuals are associated with Defendants, for purposes of demonstrating vicarious liability. NEIL M. LEVY ET. AL, CALIFORNIA TORTS, §§ 8:01, 8:03 (2010); *see, e.g., Rodgers v. Kemper Constr. Co.*, 50 Cal. App. 3d 608, 618 (1975) (discussing vicarious liability and its requirements). Plaintiffs, however, have not asserted respondeat superior, and have not alleged facts necessary to demonstrate vicarious liability, such as who committed the battery and his or her relationship to Defendants.  As such, this Court GRANTS Defendants' Motion to Dismiss Plaintiff's sixth cause of action for battery.  This dismissal is without prejudice.  Plaintiffs may file a second amended complaint in which they may include current count five and an amended count six.  Such a complaint must be filed by not later than January 24, 2011.  If Larry Fammilop does not yet know the name of the individual[s] who battered him, hey may sue them as DOES.

Plaintiffs may not pursue their mortgage-based and foreclosure-based claims, but they may pursue their conversion and battery claims, in which event the Court will exercise supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate these claims.  As to their mortgage default, Plaintiffs are advised to look into whether they may be entitled to some relief under Wells Fargo Bank's recent agreement with the California Attorney General concerning "pick-a-payment borrowers" whose homes or properties were foreclosed.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5977 AHM (FFMx) | Date | January 4, 2011 |
|----------|------------------------|------|-----------------|

| Title | LARRY FAMMILOP, *et al*. v. WELLS FARGO BANK, N.A., *et al*. |
|-------|-------------------------------------------------------------|

No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |  |
|--|---|--|
| Initials of Preparer | SMO |